UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAURA L. BOWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:16-cv-01877-DML-WTL |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of the Social Security, | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## Decision on Complaint for Judicial Review

Plaintiff Laura L. Bowen applied in July 2012 for Disability Insurance Benefits (DIB) and Supplemental Security Income disability benefits (SSI) under Titles II and XVI, respectively, of the Social Security Act, alleging that she has been disabled since March 12, 2012. Acting for the Commissioner of the Social Security Administration following a hearing held August 8, 2014, administrative law judge Mario G. Silva issued a decision on November 19, 2014, finding that Ms. Bowen is not disabled. The Appeals Council denied review of the ALJ's decision on May 14, 2016, rendering the ALJ's decision for the Commissioner final. Ms. Bowen timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

Ms. Bowen contends the Commissioner's decision must be reversed and remanded mainly because the Appeals Council did not articulate why new evidence—in the form of functional limitations imposed by Ms. Bowen's doctor

(Gary S. Ulrich, D.O.)—did not cause it to review Ms. Bowen's claim. She also contends that the ALJ's credibility determination is patently wrong, although in making this argument she relies in part on the functional limitations opinion of Dr. Ulrich that the ALJ did not see.

The court will first describe the legal framework for analyzing disability claims and the court's standard of review and then address Ms. Bowen's specific assertions of error.

## Standard for Proving Disability

To prove disability, a claimant must show she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) (DIB benefits); 42 U.S.C. § 1382c(a)(3)(A) (SSI benefits).[1] Ms. Bowen is disabled if her impairments are of such severity that she is not able to perform the work she previously engaged in and, if based on her age, education, and work experience, she cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A).

---

[1] Two programs of disability benefits are available under the Social Security Act: DIB under Title II for persons who have achieved insured status through employment and withheld premiums, 42 U.S.C. § 423 *et seq.*, and SSI disability benefits under Title XVI for uninsured individuals who meet income and resources criteria, 42 U.S.C. § 1381 *et seq*. The court's citations to the Social Security Act and regulations promulgated by the Social Security Administration are those applicable to DIB benefits. For SSI benefits, materially identical provisions appear in Title XVI and generally at 20 C.F.R. § 416.901 *et seq*.

The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if she is, then she is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then she is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then her residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite her impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform her past relevant work, then she is not disabled. The fifth step asks whether there is work in the relevant economy

that the claimant can perform, based on her age, work experience, and education (which are not considered at step four), and her RFC; if so, then she is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given her age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

### **Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the

evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

I. **The ALJ's Sequential Findings**

Ms. Bowen was born in 1964, was 47 years old at the alleged onset of her disability in 2012 and 50 years old at the time of the ALJ's decision. Ms. Bowen completed the 11th grade. She has worked as a hand packager, store laborer, stock clerk, cashier, and motor vehicle assembler. (R. 68-70). After her alleged onset date in March 2012, Ms. Bowen began working part-time (about 20 to 25 hours per week) in March 2014 in the laundry department of Turkey Run Inn. (R. 42-43). She washes towels and sheets in commercial-sized appliances. Generally, she works four hours per day, though sometimes six hours, and she is on her feet for about 50 minutes an hour and rests for 10 minutes. (R. 44). Ms. Bowen obtained this job after having rehabilitated somewhat from a succession of surgeries to her right foot. She had at least four successive surgeries.[2]

---

[2] Ms. Bowen first had foot surgery in 2007, but was able to return to work. In March 2012, however, foot surgery was required again. She had a third surgery on July 3, 2012, because the implanted hardware from the March 2012 surgery was in a "poor position" and was continuing to cause pain. After that surgery, she was still in an air cast as of September 2012. When she continued to experience pain and tenderness, she first underwent more conservative treatment, but then had another foot surgery in December 2012. Ms. Bowen was placed in a cast, then a walking boot, and underwent physical therapy and used a brace. Because she continued to experience pain, she had another surgery on the same foot in September 2013. *See* Dkt. 15 at pp. 5-10. Thus, between March 2012 and September 2013, Ms. Bowen had four surgeries on the same foot. Because of the dates of the opinions of agency reviewing physicians, they did not review documentation of Ms. Bowen's December 2012 or September 2013 surgeries.

5

At step one, the ALJ found that Ms. Bowen had not engaged in substantial gainful activity since her alleged onset date in March 2012. He found that her earnings from the laundry job did not rise to the level of substantial gainful activity, but stated that her "return to work was one of many factors used in assessing her credibility." (R. 22). At step two, he determined that her severe impairments were obesity, degenerative joint disease of the right foot status post fusion, late effects of an acute pulmonary embolism requiring Coumadin therapy, and hypertension." (R. 23). He found no listings were met or medically equaled at step three.

In his RFC, the ALJ found Ms. Bowen can stand or walk or sit for up to four hours each in an 8-hour work day, and cannot operate foot controls with the right foot. He forbad her from climbing ladders, ropes, or scaffolds and from crawling, and limited some of her postural activities (balancing, stooping, kneeling, crouching) to an occasional level of frequency. He also forbad exposure to dangerous activities and certain pulmonary irritants. (R. 25).

Based on the testimony of a vocational expert, the ALJ found at step four that Ms. Bowen cannot perform her past relevant work. (R. 74). At step five, and based on the testimony of the VE, the ALJ decided Ms. Bowen is capable of performing the functions of three light-level, unskilled jobs (marker, mail clerk, and routing clerk), which the VE described as jobs that are performed 50/50 between sitting and walking/standing. (R. 74). The ALJ thus determined at step five that she is not disabled. If Ms. Bowen needed to elevate her foot to waist level every hour

for about five minutes, she could not perform this work, according to the VE. (R. 76).

## II.  Ms. Bowen's Assertions of Error

Ms. Bowen makes two arguments for remand.  First, she asserts that the Appeals Council improperly concluded that evidence submitted to it was not new and material to her claim for benefits. The subject evidence is a physical RFC opinion by Dr. Gary Ulrich dated October 31, 2014.  His opinion states that Ms. Bowen can stand two hours during a typical 8-hour work day and needs a break at that point.  She also must elevate her foot to above waist level.  (R. 572).  Ms. Bowen's second assertion of error is that the ALJ's credibility determination is patently wrong.  The court finds that the circumstances surrounding the Appeals Council's treatment of Dr. Ulrich's opinion is sufficiently similar to the facts in *Stepp v. Colvin,* 795 F.3d 711 (7th Cir. 2015), that a remand is required for the Commissioner to evaluate Dr. Ulrich's opinion.  The court also emphasizes that the Commissioner failed to specifically discuss the *Stepp* decision in its response brief (choosing instead to focus on the Seventh Circuit's discussion of these issues from earlier cases), even though Ms. Bowen had argued in her opening brief that her fact pattern was "nearly identical" to *Stepp*.  The ALJ's credibility determination should also be reconsidered in light of that evidence.[3]

---

[3]     Moreover, the court notes that the ALJ did not consider Ms. Bowen's strong work history in assessing her credibility. *See Hill v. Colvin,* 807 F.3d 862, 868 (7th Cir. 2015) (claimant with solid work history is entitled to "substantial credibility").  Further, the ALJ suggested that Ms. Bowen's post-onset, part-time work for the hotel laundry reflected negatively on her credibility (R. 22), but

7

## III. The Commissioner should review Dr. Ulrich's opinion.

Social Security regulations permit a claimant to submit evidence to the Appeals Council. Under 20 C.F.R. § 404.970(b), the Appeals Council can consider evidence that is "new and material" and "relates to the period on or before the date of the [ALJ's] decision":

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Under this regulation and the Appeals Council's policies, it considers newly-submitted evidence in two phases. At the first step, the Appeals Council determines whether the evidence is new and material and relates to the proper time period. If the Appeals Council decides that the evidence does not fit the required qualifications, it denies review of the ALJ's decision. The determinations whether the evidence is new/material/relates to the proper time period are reviewable by a court. At step two, after a determination that evidence is new/material/relates to

---

logically her work activity reflects positively on her credibility. *See Stark v. Colvin,* 813 F.3d 684, 689 (7th Cir. 2016) (among other problems with ALJ's credibility finding, the ALJ should have acknowledged the claimant's efforts to continue working while experiencing significant pain and treatments to relieve it). The ALJ also, oddly, described that Ms. Bowen's treatment of her foot orthopedic issues were only "conservative" and suggested that she opted for surgery even though she did not need it. (R. 27-28). Ms. Bowen had four surgeries within about 18 months, which is hardly conservative treatment, and there is no indication that a doctor did surgery even though he did not think it would provide relief.

the proper time period, the Appeals Council then decides whether in light of the new evidence, the ALJ's decision is "contrary to the weight of the evidence." That latter decision is discretionary and not reviewable by a court. *See Stepp v. Colvin,* 795 F.3d 711, 721 (7th Cir. 2015). If the Appeals Council reached step two but found that the ALJ's decision was not contrary to the weight of the evidence, it denies review.

Because the Appeals Council takes similar action—denying review—when it has made a negative determination at step one (the evidence is not new/material) and when it makes a positive determination at step one (the evidence is new/material) but also decides the ALJ's decision is not contrary to the weight of the evidence, it is difficult for a court to determine whether it can review what the Appeals Council has done unless the Appeals Council's documentation of its decision-making makes clear what it has done. *See Stepp,* 795 F.3d at 721-725 (addressing these issues). Here, however, as in *Stepp,* the court cannot tell from the administrative record whether the Appeals Council made a negative determination at step one, which the court can review, or did not.

The court decides that the factual circumstances surrounding the "new" evidence submitted to the Appeals Council are sufficiently like that in *Stepp* that it can evaluate whether the evidence is new and material. There is no doubt that Dr. Ulrich's opinion is material (creating a reasonable probability that the Commissioner would reach a different decision if the evidence was considered). *Perkins v. Chater,* 107 F.3d 1290, 1296 (7th Cir. 1997). If Dr. Ulrich's opinion were

9

credited, Ms. Bowen could not perform the duties of the three jobs about which the VE testified.[4] The opinion also relates to the period under review by the ALJ; it is dated October 31, 2014, and the ALJ issued his decision on November 19, 2014. The more thorny question is whether the opinion is "new." Evidence is "new" if it was not in existence or available to the claimant at the time of the administrative proceeding. *See Stepp,* 795 F.3d at 725. In *Stepp,* the "new" evidence consisted of treatment notes for medical visits that were created just prior to the ALJ's denial of the disability claim but the claimant had not been able to submit them to the ALJ before the decision was rendered. *Id.* at 725. Similar facts are present here. Dr. Ulrich's opinion is dated October 31, 2014, and according to Ms. Bowen's counsel, she submitted the evidence before either she or her counsel had received the ALJ's decision and only one day after the decision was entered. Because of the similarity of the fact pattern, the court reaches the same result as in *Stepp.*

The court remands for a re-evaluation of Ms. Bowen's RFC in light of the information provided by Dr. Ulrich.

## Conclusion

For the foregoing reasons, the court REVERSES AND REMANDS under sentence four of 42 U.S.C. § 405(g) the Commissioner's decision that Ms. Bowen is not disabled.

So ORDERED.

---

[4] The court does not suggest that Dr. Ulrich's opinion *must* be credited. SSA regulations prescribe factors that must be considered in deciding the weight to give a medical opinion. The court does not make that analysis in the first instance.

10

Dated: September 29, 2017

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system